**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 10-5157**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

ILDEFONSO MALDONADO-GONZALEZ, a/k/a Gabriel Rivera-Vega,

Defendant - Appellant.

Appeal from the United States District Court for the Western
District of North Carolina, at Statesville.   Richard L.
Voorhees, District Judge.  (5:09-cr-00019-RLV-DCK-1)

Submitted:  July 29, 2011            Decided:  August 24, 2011

Before WILKINSON, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

D. Baker McIntyre III, Charlotte, North Carolina, for Appellant.
Anne M. Tompkins, United States Attorney, J. George Guise,
Assistant United States Attorney, Charlotte, North Carolina, for
Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ildefonso Maldonado-Gonzalez entered a guilty plea to possession of a pseudoephedrine knowing it would be used to manufacture a controlled substance, in violation of 21 U.S.C. § 841(c)(2) (2006), reserving the right to challenge the district court's denial of his motion to suppress the contraband seized during the search of his vehicle. Maldonado-Gonzalez claims he did not give his consent to the police officer to search his vehicle. We affirm.

In reviewing the district court's denial of Maldonado-Gonzalez's suppression motion, we review the district court's factual findings for clear error and its legal conclusions de novo. See United States v. Blake, 571 F.3d 331, 338 (4th Cir. 2009). A factual finding is clearly erroneous if this court "on the entire evidence is left with the definite and firm conviction that a mistake has been committed." United States v. Harvey, 532 F.3d 326, 336-37 (4th Cir. 2008) (internal quotation marks omitted). Because the district court denied Maldonado-Gonzalez's motion, we review the evidence in the light most favorable to the Government. United States v. Farrior, 535 F.3d 210, 217 (4th Cir. 2008). We also defer to the district court's credibility determinations. United States v. Abu Ali, 528 F.3d 210, 232 (4th Cir. 2008).

Although the Fourth Amendment generally prohibits warrantless searches, the general requirement for a warrant does not apply where valid consent to the search is given. Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973); United States v. Buckner, 473 F.3d 551, 553-54 (4th Cir. 2007). "Consent to search is valid if it is (1) knowing and voluntary and (2) given by one with authority to consent." Buckner, 473 F.3d at 554 (internal quotation marks and citations omitted). Whether a defendant's consent to a search is voluntary is a factual question determined under the totality of the circumstances and, accordingly, is reviewed under the clearly erroneous standard. Bustamonte, 412 U.S. at 248-49; United States v. Jones, 356 F.3d 529, 533 n.* (4th Cir. 2004).

Viewing the evidence in the light most favorable to the Government, we conclude that the district court did not clearly err in determining that Maldonado-Gonzalez voluntarily consented to the search of his vehicle. Because the district court did not err in denying the motion to suppress, we affirm the judgment of conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3